# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC RICHARDSON, | * | |
| Petitioner | * | CIVIL NO. JKB-14-2542 |
| | | CIVIL NO. JKB-16-2341 |
| v. | * | CRIMINAL NO. JKB-09-288 |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

## MEMORANDUM AND ORDER

*I. Case History*

On May 26, 2009, Petitioner Eric Richardson was indicted in Count Two of an indictment for conspiracy to distribute and possess with intent to distribute various controlled substances in violation of 21 U.S.C. § 846. (ECF No. 1.[1]) Richardson pled guilty on July 26, 2010. (ECF Nos. 778, 779.) Prior to sentencing, the presentence report indicated that Richardson could be considered a career offender within the meaning of United States Sentencing Guideline § 4B1.1 based upon a felony conviction for Burglary – General in 1993 in Baltimore City and a felony conviction for Burglary – 1st Degree in 1995 in Baltimore City.[2] Based on a total offense level of 34 and a criminal history category of VI, the guideline range for imprisonment was 262 to 327 months. He was sentenced on December 2, 2010, to imprisonment for 180 months, below the advisory guideline range, plus a term of supervised release for five years. (ECF No. 906.) He did not appeal his conviction.

---

[1] All docket citations are to Criminal Number JKB-09-288.

[2] These were not the only convictions in his criminal record. The presentence report was not docketed.

On December 19, 2012,[3] Richardson filed a motion to vacate under 28 U.S.C. § 2255 (ECF No. 1179), but the Court dismissed the motion as time-barred. (ECF Nos. 1229, 1230.) The Court noted that a § 2255 motion must be filed within one year of the date a judgment of conviction becomes final according to 28 U.S.C. § 2255(f). (Mem. Op. 2, Apr. 17, 2013, ECF No. 1229.) The one-year limitations period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(*Id.* (citing 28 U.S.C. § 2255(f)).) The Court also observed that since Richardson did not file an appeal, his conviction became final when his opportunity to appeal expired on December 16, 2010 (citing *Clay v. United States*, 537 U.S. 522, 524-25 (2003), and Fed. R. App. P. 4(b)(1)(A)), and, consequently, the one-year limitations period expired on December 16, 2011, more than a year prior to the time Richardson filed his § 2255 motion on December 19, 2012. (Mem. Op. 2.) The Court considered whether Richardson was entitled to equitable tolling of the one-year limitations period, but determined that Richardson's mental illness in 2009—prior to his 2010 conviction—did not provide sufficient basis for equitable tolling (citing *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004)) and further concluded Richardson had not demonstrated either extraordinary circumstance to prevent timely filing or diligent pursuit of his rights that would entitle him to equitable tolling. (Mem. Op. 2-3.) The United States Court of Appeals for

---

[3] This was the date Richardson deposited the motion in the prison mailbox. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's filing date is deemed same as date prisoner puts material into prison mailbox). The motion was docketed in this Court on December 21, 2012.

the Fourth Circuit denied a certificate of appealability and dismissed Richardson's appeal from this ruling. (ECF No. 1254.)

On August 8, 2014, Richardson filed a document entitled "Emergency Motion to Correct Sentence under 28 U.S.C. § 2241" in which he asked the Court to set aside the judgment in his case and correct his sentence, arguing that in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Henriquez*, 757 F.3d 144 (4th Cir. 2014), his Maryland first-degree burglary conviction could not be considered as a qualifying offense for career offender status and his 180-month sentence was, therefore, illegal. (ECF No. 1343.) The Court deemed it appropriate to treat the motion as one under § 2255 and ordered the Government to respond. (ECF No. 1351.) Thereafter, the Court granted the Government's motion to stay Richardson's proceedings related to either § 2255 or § 2241 during the pendency of *United States v. Whiteside*, No. 13-7152 in the Fourth Circuit. (ECF Nos. 1375, 1380.) The stay was renewed on December 1, 2015. (ECF No. 1466.)

Over the past three years approximately, Richardson has filed many other documents, some of which may be deemed motions. Some of these motions seek issuance of the writ of habeas corpus, discovery from the Government, judicial notice, access to grand jury material, an evidentiary hearing, an end of the stay on the case, and a change of venue. In some instances, he attacks his conviction by claiming the indictment to which he pled guilty was defective, that the Government has failed to give him notice of the charges against him, that the Government made fraudulent representations in relation to the plea agreement, and that he did not fully understand the consequences of the plea agreement. (*See, e.g.*, ECF Nos. 1408, 1417, 1425, and 1482.) Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which ruled the residual clause in the Armed Career Criminal Act ("ACCA") was

unconstitutional, this Court appointed the Federal Public Defender ("FPD") to represent Richardson in his § 2255 proceeding. (ECF No. 1498.)

On June 23, 2016, the Fourth Circuit granted Richardson authorization to file a second or successive § 2255 motion based on a *prima facie* showing that *Johnson* may apply to his case. No. 16-743 (4th Cir.), *docketed in this Court as* ECF No. 1538. The next day, the FPD filed a § 2255 motion arguing that the *Johnson* Court's ruling as to the unconstitutionality of the ACCA residual clause pointed to the unconstitutionality of the identically worded residual clause in U.S.S.G. § 4B1.1. (ECF No. 1539.) In October of 2016, Richardson *pro se* filed a document requesting a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), asserting entitlement to such because of *Johnson*, Amendment 782, and Amendment 794. (ECF No. 1580.) Following the Court's January 2017 request to the FPD and the Government for a status report (ECF No. 1610), the Government responded, "The disposition of the petitioner's *Johnson* claim depends on whether *Johnson* applies to the Sentencing Guidelines, and whether it does so retroactively on collateral review. Both issues may be decided by the Supreme Court in *Beckles v. United States*, No. 15-8544." (ECF No. 1620.) Consequently, the Government recommended the stay continue until a decision was issued in *Beckles* (*id.*), and the Court so ordered (ECF No. 1623).

On March 6, 2017, the Supreme Court decided in *Beckles* that the *Johnson* ruling—finding the ACCA's residual clause void for vagueness—was inapplicable to the Sentencing Guidelines. 137 S. Ct. 886, 894 (2017). (*See also* Government's status report, March 29, 2017, ECF No. 1642.) The Government thereafter prepared a list of all outstanding *pro se* motions and any corresponding responses and/or replies and submitted a consolidated response to all pending motions. (ECF Nos. 1682, 1684.) Richardson has filed his reply (ECF Nos. 1694, 1701), and

this matter is ripe for decision. No evidentiary hearing is warranted. 28 U.S.C. § 2255(b), (c); Rules Governing Section 2255 Proceedings, Rule 8(a); Local Rule 105.6 (D. Md. 2016).

*II. Analysis*

The only substantive claim properly before this Court is the counsel-filed § 2255 motion claiming sentencing relief under *Johnson*. The Fourth Circuit granted specific authorization for such a motion. It, however, is without merit in light of the Supreme Court's ruling in *Beckles*. All of his other challenges to his conviction and sentence are procedurally barred.

Richardson seeks to get around the § 2255 one-year limitations bar by captioning his request for relief as one under 28 U.S.C. § 2241. Section 2255(e) provides,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In this case, Richardson did apply for § 2255 relief, but his motion was dismissed as time-barred. Such a dismissal is considered a decision on the merits that precludes a later filing. *In re Rain*, 659 F.3d 1274, 1275 (10th Cir. 2011) (applying principle to § 2254 petition); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (same); *Villaneuva v. United States*, 346 F.3d 55, 58 (2d Cir. 2003) (applying principle to § 2255 motion).

A subsequent § 2255 motion is not "inadequate or ineffective to test the legality of [the movant's] detention," in the words of the statute, simply because a prior § 2255 motion was dismissed as time-barred. *Cleveland v. United States*, Civ. No. ELH-14-3881, 2014 WL 11498040, at *2 (D. Md. Dec. 22, 2014), *aff'd*, 602 F. App'x 931 (4th Cir.), *cert. denied*, 136 S. Ct. 278 (2015); *Adams v. U.S. Marshals*, Civ. No. DKC–14–792, 2014 WL 1255880, at *1-2 (D. Md. Mar. 25, 2014) ("The fact that relief under § 2255 is barred procedurally or under the

gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective" (citing *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)). As a result, Richardson's label of "§ 2241" does not alter the Court's conclusion as to the true nature of his motion. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (subject matter of motion, not its label, determines its status); *Gutierrez v. Florida State*, Civ. No. PWG-13-35, 2013 WL 264533, at *2 (D. Md. Jan. 18, 2013) ("Unfortunately for Petitioner, he cannot select a label for his habeas petition and thwart Congress' statutory rules governing habeas proceedings."). The motion is, in fact, a § 2255 motion and it is barred by its untimeliness and the absence of Fourth Circuit approval for it to be filed as a second or successive § 2255 motion.

To the extent that any of Richardson's other filings may be construed as motions attacking his conviction and sentence, those are also procedurally barred. As for various motions requesting discovery, access to grand jury materials, change of venue, et cetera, those are without merit for the reasons stated by the Government in its various opposition responses.

Richardson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based upon Amendment 782, Amendment 794, and *Johnson* is similarly without merit for the reasons stated in the Government's opposition responses.

A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). Such a showing is not apparent here.

In summary, all of Richardson's pending motions (ECF Nos. 1243, 1343, 1344, 1382, 1385, 1391, 1406, 1410, 1424, 1425, 1427, 1436, 1447, 1450, 1465, 1471, 1476, 1491, 1505, 1506, 1520, 1524, 1539, and 1640) and all of his filings that may be construed as motions are DENIED. The Court declines to issue a certificate of appealability.

SO ORDERED.

DATED this 8th day of August, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge