IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-09-0288 |
| ERIC RICHARDSON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Defendant Eric Richardson filed a Motion for Compassionate Release (Mot. Release, ECF No. 1870) and a supplemental memorandum in support of that motion (Supp. Mem., ECF No. 1875). The Government opposes the motion. (Opp. Mem., ECF No. 1879.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Richardson's motion will be denied.

*I.* *Background*

Richardson pleaded guilty to conspiracy to distribute and possession with intent to distribute controlled dangerous substances in violation of 21 U.S.C. § 846. (Judgment at 1, ECF No. 906.) He was sentenced to 180 months' imprisonment and is currently incarcerated at FCI Fort Dix. (Suppl. Mem. at 1–2.) His current projected release date is April 16, 2022. (Opp. Mem. at 2.)

Richardson, who is 57 years old, filed a Motion for Compassionate Release in light of the risks posed to him from COVID-19 due to his diabetes and heart and kidney problems. (Suppl Mem. at 2.) He filed a request with the warden requesting compassionate release on April 2, 2020 and as of May 15, 2020 had not received a response. (*Id.*)

1

The Government filed a response to Richardson's motion stating that it does not contest that Richardson falls into the Centers for Disease Control's high-risk category for COVID-19, but the 18 U.S.C. § 3552(a) factors weigh against releasing Richardson at this time. (Opp. Mem. at 15–16.) The Government also argues that Richardson did not exhaust his administrative remedies. (*Id.* at 13–14.) The Government has also filed Richardson's medical records under seal, which the Court has reviewed. (Med. Records, Opp. Mem., Ex. 3, ECF No. 1879-3.)

## II.  *Analysis*

Motions for compassionate release are governed pursuant to § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Government states that the issue of whether Richardson has exhausted his administrative remedies here is "at best, murky." (Opp. Mem. at 13.) The Government argues that the Bureau of Prisons has no record of Richardson's April 2, 2020 request (*id.*), which Richardson attached as Exhibit 1 to his supplemental memorandum in support of his motion for compassionate release (Apr. 2 Request, Supp. Mem. at 15.). However, the Government also states it "will not contest the exhaustion issue" if the Court finds that this does satisfy the requirements for exhaustion under § 3582. (Opp. Mem. at 14.) Because Richardson filed his request to the warden with the Court, and because Richardson did not receive a response within 30 days, the

Court finds that Richardson has sufficiently demonstrated that he satisfied the exhaustion requirement of § 3582(c)(1)(A).

The Court now will determine whether "extraordinary and compelling reasons" exist which would warrant a reduction in Richardson's sentence and whether the section 3553(a) factors argue in favor of such a reduction.

### 1. *Extraordinary and Compelling Reasons*

Under 28 U.S.C.A. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: 1) a defendant has a terminal or serious medical condition; 2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; 3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or 4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). Accordingly, many courts have found that the BOP is no longer the exclusive arbiter of what constitutes other "extraordinary and compelling reasons" under § 3582(c)(1)(A). *See e.g.*, *United States v. Decator*, Crim. No. CCB-95-0202, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) ("'[D]ependence on the BOP to determine the existence of an extraordinary and compelling reason

. . . is a relic of the prior procedure that is inconsistent with the amendments implemented by the First Step Act.'") (quoting *United States v. Young*, Crim. No. AAT-00-0002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020)) (alterations in original); *United States v. Redd*, Crim. No. AJT-97-0006, 2020 WL 1248493, at *8 n.18 (E.D. Va. Mar. 16, 2020) (collecting cases); *Beck*, 425 F. Supp. 3d at 579 ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction . . . ."). The Court agrees with this analysis and finds that that under the First Step Act, courts may independently determine what constitutes other "extraordinary and compelling reasons" for compassionate release beyond those provided for by the BOP.

In light of the Covid-19 pandemic, several courts have found that medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create "extraordinary and compelling reasons" to grant compassionate release pursuant to § 3582(c)(1)(A). *See e.g.*, *United States v. Gutman*, Crim. No. RDB-19-0069, 2020 WL 2467435, at *2 (D. Md. May 13, 2020) (holding that 56-year-old defendant's medical conditions of multiple sclerosis and hypertension and his risk of contracting Covid-19 create "extraordinary and compelling reasons for his release from confinement").

The Court finds, and the Government does not contest, that Richardson's health conditions make him uniquely vulnerable to serious complications from COVID-19 and create an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A)(i). Richardson is 57 years old and suffers from "[c]hronic obstructive lung disease," "[b]orderline chemical diabetes," and "[p]ossible hypertension." (Med. Records at 24.) Hypertension "has been identified as a common, significant comorbidity of COVID-19" that increases a person's "vulnerability of suffering severe illness and death." *United States v. Dunlap*, Crim. No. 02-165-

1, 2020 WL 2062311, at *2 (M.D.N.C. Apr. 29, 2020) (citing medical sources); *United States v. Patterson*, Case No. TJS-20-1078, 2020 WL 2217262, at *3 (D. Md. May 7, 2020) ("There is ample evidence that people with hypertension are more likely to experience complications if they become infected with COVID-19.").

The Centers for Disease Control have also found that individuals of all ages "with chronic lung disease or moderate to severe asthma" are at increased risk for serious cases of Covid-19. *See* People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html, last visited June 16, 2020.

In light of Richardson's unique vulnerabilities to Covid-19 and the risks that he could face if he were to become infected, the Court finds that he has presented "extraordinary and compelling reasons" as required for compassionate release pursuant to § 3582(c)(1)(A)(i).

   2. *Section 3553(a) Factors*

Having determined that Richardson presents "extraordinary and compelling reasons" supporting compassionate release, the Court now considers whether the § 3553(a) factors support Richardson's release.  Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

A violation of 21 U.S.C. § 846 for involvement in a narcotics conspiracy is an undoubtedly serious offense. Richardson also possessed firearms in relation to this offense. (Plea Agreement at 4, ECF No. 779.) Prior to his arrest in this case, Richardson had several convictions for burglary, as well as had two violent convictions for battery and robbery, though these offenses took place in the 1990s and 1980s, respectively. (Opp. Mem. at 17.) The Government acknowledges that Richardson is at an age where the risk of continued criminal conduct is considered lower and does not argue that Richardson needs any additional rehabilitation. (*Id.*)

The Court finds that Richardson's history of violent crimes and his possession of weapons in furtherance of the drug conspiracy at issue in this case weigh heavily against a reduction of his sentence. Accordingly, having considered the factors enumerated under § 3553(a), the Court finds that a reduction in sentence is inappropriate and that the existing sentence promotes respect for the law, deters crime, and protects the public. Such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a).

### III.    *Conclusion*

For the foregoing reasons, an Order shall enter denying Defendant's Motions for Compassionate Release.

DATED this 16th day of June, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge