IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-09-288 |
| ERIC RICHARDSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is Defendant Eric Richardson's Motion for Reduction of Sentence Pursuant to the First Step Act of 2018. (ECF Nos. 1831, 1847.) For the reasons set forth below, the Court will DENY Richardson's motion.

On July 26, 2010, Richardson pled guilty to one count of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. (ECF No. 779.) On December 1, 2010, the Honorable William D. Quarles, Jr. sentenced Richardson to a substantially below guideline sentence of 180 months. (ECF No. 906.) Richardson now seeks a sentence reduction under Section 404 of the First Step Act of 2018 ("Section 404"), Pub. L. No. 115-391, 132 Stat. 5194. (ECF Nos. 1831, 1847.) The Government opposes the request. (ECF No. 1919.)

Richardson is not eligible for relief. Section 404(a) authorizes a district court to impose a reduced sentence upon a defendant sentenced for a "covered offense," for which the applicable penalties were changed by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372. This includes offenses involving cocaine base, but not offenses involving only other controlled substances not addressed by the FSA. Richardson pled guilty to trafficking heroin alone. (ECF No. 779.) Therefore, he was not sentenced for a "covered offense" and is not eligible

for relief under Section 404(a). *See United States v. Petter*, No. 19-7904, 2020 WL 6791563, at *1 (4th Cir. Nov. 19, 2020) ("Because Petter was not convicted of a cocaine base offense and because the penalties for cocaine and heroin offenses were not modified by the FSA, Petter was not convicted of a 'covered offense' and is not eligible for relief under the First Step Act."). Additionally, Section 404(c) establishes that a defendant whose sentence "was previously imposed[] in accordance with" the FSA is not eligible for sentence reduction. Richardson was sentenced months after the FSA became effective, and in accordance with the post-FSA sentencing guidelines. Therefore, he is ineligible under Section 404(c) as well. Accordingly, the Court DENIES Richardson's Motion for Reduction of Sentence. (ECF No. 1831, 1847.)[1]

DATED this ___1___ day of December, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

---

[1] The Court notes that even if Richardson were eligible for relief under Section 404, the Court would not reduce his sentence. As set forth at length in the Court's recent Memorandum Opinion addressing Richardson's motion for compassionate release (ECF No. 1892), the 180-month sentence imposed by Judge Quarles remains the appropriate sentence under 18 U.S.C. § 3553(a).